IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM B. HENRY, *Pro Se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-827 GMS |
| ) | |
| E. FESMARE, J. RICHWINE and ) | |
| MINQUADALE FIRE CO., INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

On August 21, 2003, plaintiff William B. Henry, a prisoner in the custody of the Delaware Department of Corrections, filed the above-captioned action, *pro se*, under 42 U.S.C. § 1983 (2003). The complaint alleges the following facts:

> On July 9, 1999, while in New Castle County Police Custody, I was transported to Wilmington Hospital by Minquadale Fire Co., Inc. During the transport I was assaulted by the paramedics, E. Fesmare and J. Richwine. Paramedic E. Fesmare put in approximately 5-9 IVs and then ripped them out of my arm like he was starting a lawn mower. He also attempted to put in a catheter while he stated to the County Police who, were present in the ambulance, this one's just for fun and they all laughed.

(D.I. 2 at 3.) Attached to his complaint are the medical records corresponding to his July 9 visit to Wilmington Hospital. From the legible portion of those records, it appears that Henry's reasons for going to the hospital were that he was suffering from difficulty breathing, chest pain, rib tenderness, and possibly an eye contusion. His medical records also indicate that he had arm pain and irritation from IV insertion. As part of his treatment, Henry was given Demerol (pain medication) and Phenergan (antihistamine). Upon discharge, Henry was prescribed ibuprofen, ostensibly to ease the irritation to his arm.

By January 2004, the court received an executed waiver of service form from all three

defendants. (D.I. 7, 8, 9.) However, since that time, none of the defendants have responded to the complaint. In a September 28, 2004, order, the court directed the defendants to respond within ten days. (D.I. 16.) Because the defendants took no action, the court granted Henry's motion for entry of default. (D.I. 18.) Presently before the court is Henry's motion for default judgment, in which he requests $450,000 in damages. (D.I. 17.)

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). Therefore, the court must proceed with its assessment of damages by assuming the veracity of Henry's factual recitation. However, as a threshold matter, two of the defendants did not violate Henry's constitutional rights. According to the complaint, Richwine did not commit any assault or otherwise touch Henry in an offensive manner. And as to Minquadale Fire Co., Inc., "[r]espondeat superior or vicarious liability will not attach under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Thus, damages cannot be assessed against either of those defendants. On the other hand, Fesmare committed what might be described under state law as both an assault (attempting to insert a catheter "just for fun") and a battery (inserting 5-9 IVs and then ripping them out), which were clear deprivations of Henry's rights under the Constitution. *See, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976) (citing *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974) ("it is sufficient to allege facts which suggest that the medical care provided is . . . so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition")).

Damages under § 1983 may be both punitive and compensatory. *See Comdyne*, 908 F.2d at 1149-53. "[P]unitive damages in an action under § 1983 [may be assessed] when the defendant's

2

conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). However, "they are never awarded as of right, no matter how egregious the defendant's conduct." *Id.* at 52. Rather, "[t]he focus is on the character of the tortfeasor's conduct – whether it is of the sort that calls for deterrence and punishment over and above that provided by compensatory awards." *Id.* at 54. "Compensatory damages, by contrast, are mandatory; once liability is found, the [factfinder] is required to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss." *Id.* at 52.

If, as is the case here, "the damages are not for a 'sum certain or for a sum which can by computation be made certain,' Fed.R.Civ.P. 55(b)(1), the 'court may conduct such hearings or order such references as it deems necessary and proper.' Fed.R.Civ.P. 55(b)(2)." *Comdyne*, 908 F.2d at 1149. Moreover, "[a]s a general proposition, punitive damages cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing held pursuant to Fed.R.Civ.P. 55(b)(2) because they clearly are not liquidated or computable." *Id.* at 1152. Therefore, the court will conduct a hearing on the matter of punitive and compensatory damages in accordance with the requirements of Rule 55 and *Comdyne*.

Finally, because of the potential complexity of this hearing, the court has reconsidered its previous denial of Henry's request for appointment of counsel (D.I. 15), and now deems it necessary to grant his request.

Dated: September 15, 2005



UNITED STATES DISTRICT JUDGE

FILED

SEP 1 5 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM B. HENRY, *Pro Se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-827 GMS |
| ) | |
| E. FESMARE, J. RICHWINE and ) | |
| MINQUADALE FIRE CO., INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

IT IS HEREBY ORDERED THAT:

1. The parties in the above-captioned action appear before the court for a hearing to determine the appropriate award of punitive and compensatory damages, the date and time of which will be determined after the plaintiff is assigned counsel;

2. The court's order of September 22, 2004 (D.I. 15), be VACATED, and the plaintiff's motion for assignment of counsel (D.I. 13) be GRANTED; and

3. The plaintiff's motion for default judgment (D.I. 20) be DENIED, without prejudice, for refiling by appointed counsel.

Dated: September 15, 2005

[Signature]
UNITED STATES DISTRICT JUDGE

FILED
SEP 1 5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE